
| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>JANCEY VALLE,<br>　　　　　　　　Plaintiff,<br>　　　-v-<br>UNITED STATES OF AMERICA,<br>　　　　　　　　Defendants.<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: July 15, 2015<br><br>13-cr-58<br>14-cv-10258 (KBF)<br><br>OPINION & ORDER |

KATHERINE B. FORREST, District Judge:

The Court has reviewed petitioner Jancey Valle's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. (ECF No. 1.) Valle alleges that he received ineffective assistance of counsel because he was misled by his attorney who allegedly told him that he would receive a sentence of no more than 60 months if he pled guilty. (Valle Aff. ¶¶ 4-7, ECF No. 2.) Petitioner was sentenced on February 21, 2014 by this Court to a sentence of 151 months' imprisonment, three years' supervised release, and a $100 special assessment. (13 Cr. 58, ECF No. 378.)

For the reasons set forth below, Valle's petition is DENIED.

I.　　BACKGROUND

On January 23, 2013, Valle and his co-defendants were charged with conspiring to distribute 1 kilogram and more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One), conspiring to commit a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (Count Two), and carrying/possessing a firearm in

connection with a drug trafficking crime or crime of violence, and/or aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). These charges stemmed from Valle's involvement in a drug robbery that was in fact a D.E.A. sting operation. On September 5, 2013, petitioner pled guilty pursuant to a plea agreement with the Government (the "Plea Agreement") to Count Two of the Indictment, which charged him with conspiring to commit a Hobbs Act Robbery. (13 Cr. 58, Ex. C., ECF No. 548.)

Pursuant to the Plea Agreement, the parties agreed to a stipulated guidelines range of 151 to 188 months, which was based on Valle's status as a Career Offender pursuant to U.S.S.G. § 4B1.1. (Id. at 4.) The Plea Agreement states, "The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea . . ." (Id. at 5-6.) The Plea Agreement also states, "No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties." (Id. at 7.)

The Plea Agreement contains the following waiver:

> It is agreed that (i) the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated

2

>  Guidelines Range of 151 to 188 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range.

(<u>Id.</u> at 5.)

At his plea hearing on September 26, 2011, Valle was represented by Nicholas Palma. Valle stated, under oath, among other things, the following:

- That he was satisfied with the services of his counsel, Nicholas Palma. (Plea Tr., 13 Cr. 58, Ex. A. at 7, ECF No. 548.);

- That the maximum penalty that could be imposed on Count Two was 20 years' imprisonment. (<u>Id.</u> at 11.);

- That although he understood that he and the Government had stipulated to a Guidelines range of 151 to 188 months, that stipulation was not binding on the Court and that he could not withdraw his plea if the Court performed a different Guidelines calculation. (<u>Id.</u> at 13-14.);

- That he understood that "if your lawyer or anybody else has predicted what your sentence might be or could be, they could well be wrong, because [the Court is] going to be the one who is going to sentence you…[a]nd I'm not going to do it right now, so nobody can know what your sentence is going to be right now." (<u>Id.</u> at 14.);

- That nobody had made any promises to him about what his sentence would be. (<u>Id.</u> at 14-15.);

- Then the Court asked Valle, "Do you understand, Mr. Valle, it is very important that you understand this, that if your sentence ends up being different from what you expect or what you hope it will be, once you enter a guilty plea, you are going to be bound by that plea and you won't be able to withdraw that plea no matter what your sentence ends up being?" to which Valle responded "That is correct, yes." (Id. at 15.);
- That he understood the Plea Agreement and discussed it with his lawyer before he signed it. (Id. at 15-16.);
- That he understood under the Plea Agreement he waived his right to appeal or collaterally attack a sentence of 188 months or less. (Id. at 17.)

Valle then reaffirmed that he still wished to plead guilty, and testified that he conspired to commit the heroin robbery with Javion Camacho. (Id. at 19.) The Court accepted Valle's plea as factually based and voluntary. (Id. at 21.)

Prior to sentencing, Valle's counsel submitted a written sentencing submission as well as a psychological forensic report. (13 Cr. 58, Ex. A, ECF No. 337.) At the sentencing proceeding, defense counsel confirmed that he had reviewed the PSR with Valle. (Sentencing Tr. at 5, 13 Cr. 58, ECF No. 378.) On February 27, 2014, the Court sentenced Valle to 151 months' imprisonment, at the bottom-end of the applicable Sentencing Guidelines Range. (Id. at 34.)

II. DISCUSSION

Valle petitions this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because he alleges he received ineffective assistance of

counsel. In substance, Valle alleges that Palma told him that his guilty plea would result in a sentence of no more than 60 months and that his decision to enter into a guilty plea was motivated by this information, and that counsel failed to properly investigate the case or file worthy pretrial motions. (Valle Aff. ¶ 4-7.)  Valle next alleges that the Indictment of this case was and is defective. In substance, he challenges the Indictment and the procedures by which the Indictment was returned, on the grounds that it should have included the element of an overt act for a violation of 18 U.S.C. §§ 1951(b)(1), (b)(3).

A petitioner seeking relief under § 2255 on the basis of ineffective assistance of counsel must show (1) "that counsel's performance was deficient", and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-97 (1984).

Each of Valle's allegations of ineffective assistance is contradicted by the lengthy question and answers before this Court during the change of plea hearing. The Plea Agreement itself, which Valle signed and which he affirmed he understood on the record, clearly provides for a Stipulated Guidelines Range of 151 to 188 months' imprisonment. Petitioner said at the plea that he discussed the Plea Agreement with his counsel and understood that the agreement allowed for a maximum sentence of 20 years.  This Court also confirmed Valle's understanding of this sentencing range at his plea, and that no other promises outside of the plea had been made to Valle.

Even assuming Valle were able to show that his attorney's conduct was somehow deficient, he fails to show that he suffered prejudice as required under Strickland. To do so successfully, a petitioner must show that, had counsel rendered adequate professional assistance, he or she would not have pleaded guilty and would, instead, have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). This required showing is further complicated in cases like this where a petitioner makes statements in open court that reflect his knowing and voluntary waiver of constitutional rights and affirms his desire to proceed with a guilty plea. Courts afford "a strong presumption of verity" to such statements. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Valle received a sentence of 151 months imprisonment which is not only within, but also at the bottom of the Guidelines range.  When the Court reviewed the Plea Agreement with Valle, he affirmed that he understood that he was waiving his right to appeal or engage in post-conviction litigation if his sentence was between or below the stipulated Guidelines range of 151 to 188 months imprisonment (which it was).

Finally, Valle alleges that his conviction should be vacated because the Indictment did not include the element of an overt act with regards to the Hobbs Act conspiracy. This claim fails as it is a substantive argument that is precluded by the voluntary waiver in Valle's Plea Agreement. Regardless of the waiver, the claim also fails because the law is clear that there is no overt act requirement for conspiracy to commit robbery under 18 U.S.C. § 1951.  See, e.g., United States v.

6

Clemente, 22 F.3d 477, 480 (2d Cir. 1994) ("In order to establish a Hobbs Act conspiracy, the government does not have to prove any overt act."); United States v. Maldonado-Rivera, 922 F.2d 934, 983 (2d Cir. 1990) ("The government need not prove an overt act in order to establish a Hobbs Act conspiracy.")

III. CONCLUSION

For the reasons set forth above, Valle's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith. See Feliz v. United States, No. 01 Civ 5544 (JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:   New York, New York
         July 15, 2015

                                         _____
                                              KATHERINE B. FORREST
                                              United States District Judge